**R. MICHAEL FLYNN**, CSB 258732
FLYNN LAW OFFICE
1736 Franklin St., Ste. 400
Oakland, CA 94612
(510) 893-3226 / (866) 728-7879 facsimile
E-mail: michael@flo-law.com

**DONALD W. COOK**, CSB 116666
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA  90010
(213) 252-9444 / (213) 252-0091 facsimile
E-mail: manncook@earthlink.net

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE ADALBERTO SILVA and VERONICA de SILVA,<br><br>               Plaintiffs,<br><br>vs.<br><br>CITY OF SAN PABLO; SAN PABLO POLICE DEPARTMENT; POLICE CHIEF LISA G. ROSALES; and DOES 1 through 10, in both their individual and official capacities,<br><br>               Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. 42 U.S.C. § 1983 - Fourth Amendment / Wrongful Entry<br>2. 42 U.S.C. § 1983 - Fourth Amendment / False Arrest<br>3.  42 U.S.C. § 1983 - Fourth Amendment / Excessive Force<br>4. Cal. Civ. Code § 52.1(b)<br>5. Art. I § 13, Cal. Const.<br>6. Cal. Civ. Code § 3342<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

## I.    JURISDICTION.

1. Plaintiffs' claims arise under 42 U.S.C. §1983. Accordingly, federal jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

2. Plaintiffs' claims arise out of acts of the City of San Pablo ("San Pablo") and San

00112485.WPD

Pablo Police Department ("SPPD"). Accordingly, venue is proper within the Northern District of California.

**III.    PARTIES.**

    **A.    Plaintiffs.**

3. Plaintiffs Noe Adalberto Silva ("Silva") and Veronica de Silva ("de Silva") are individuals and are husband and wife. At all times material hereto Plaintiffs were residing in the City of San Pablo.

    **B.    Defendants.**

4. Defendant San Pablo is a local governmental entity organized and existing under the laws of the State of California. Defendant SPPD is a public entity within the meaning of California law, and is a San Pablo agency.

5. Defendant Lisa G. Rosales ("Rosales") is an individual and the SPPD Chief of Police. As such, she is the chief law enforcement policymaker for defendants San Pablo and SPPD, and is responsible for overseeing and implementing policies and practices followed by SPPD personnel in the acts complained of. Plaintiff sues Rosales in her individual and official capacities.

6. Plaintiffs name the San Pablo and SPPD as separate defendants because there is disagreement between the Ninth Circuit and the California Supreme Court on whether a local governmental entity's chief law enforcement officer is a state or county policymaker for § 1983 purposes. In *Brewster v. Shasta County*, 275 F.2d 803 (9th Cir. 2001), and *Streit v. County of Los Angeles*, 236 F.3d 552, 559 (9th Cir. 2001), the Ninth Circuit held that California sheriffs are agents of their employing county for § 1983 purposes. The California Supreme Court, in *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 828-39 (2004), disagreed with the Ninth Circuit, holding instead that a California sheriff is not an agent of his employing county for purposes of § 1983 liability. Should

it ultimately be determined that *Venegas* correctly states the law on this point, Plaintiff is informed and believes that SPPD Chief Rosales will nevertheless remain a policymaker for her department, defendant SPPD. Hence, Plaintiffs can prevail against Rosales in her official capacity and defendant SPPD notwithstanding *Venegas*.

7. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES, and therefore sues these defendants by fictitious names. Plaintiffs will give notice of their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that defendant DOES are responsible in some manner for the damages and injuries hereinafter complained of.

8. The complained of acts and omissions were performed by persons within the course and scope of employment with their respective employers, San Pablo and/or SPPD. All acts and omissions were under color of state law. All acts and/or omissions of individual defendants were malicious and intentional, with either the intent to deprive Plaintiffs of their constitutional rights or with reckless disregard to their constitutional rights.

## IV.   FACTS COMMON TO ALL CLAIMS.

9. On November 19, 2015, at about 8:30 a.m., personnel of San Pablo and SPPD forced entry into Plaintiffs' apartment located at 2030 22nd Street, San Pablo. Plaintiffs are informed the personnel were SPPD officers. Plaintiffs are informed that the personnel made entry without a warrant, consent or exigent circumstances. Plaintiffs are further informed the officers made entry without verbal announcement of the officers' presence and/or intent to make entry.

10. At the above location and time, Plaintiffs are informed and believe and based thereon allege that SPPD forced entry through a window in order to let loose a police dog inside Plaintiffs' residence. The dog, Plaintiffs are informed, was a large dog weighing

about 60 to 70 pounds, and trained to bite anything it found and to bite hard. Before letting loose the dog inside Plaintiffs' residence, Plaintiffs are informed that the SPPD officers gave no warning or announcement that it was letting loose a dog and that the dog may attack and bite.

11. At the time the SPPD officers forced entry and released a dog inside Plaintiffs' home, Plaintiff Silva was inside Plaintiffs' bedroom with bedroom door closed. (Plaintiff de Silva was not at home.) Plaintiff Silva heard noise from outside the bedroom but coming from inside Plaintiffs' residence. The noises sounded like window blinds being shaken apart and/or breaking. Plaintiff Silva arose from his bed, opened his bedroom door and took a few steps outside his bedroom to investigate the source of the noise. Plaintiff Silva then saw, for the first time, that a large dog was inside his apartment. Plaintiff Silva immediately retreated into his bedroom, closing and locking the door.

12. A few moments later and as Plaintiff was standing inside his bedroom, someone (presumably a SPPD officer Plaintiffs are informed) broke open the locked bedroom door by kicking it. Immediately thereafter, the dog Plaintiff Silva had seen, entered the bedroom. The dog lunged at Plaintiff Silva. Plaintiff reacted by raising his right arm to protect his head from the attacking dog. The dog attacked Plaintiff, biting him repeatedly on his right arm, including his upper arm, inflicting serious injuries. Moments after the dog attack, Plaintiff Silva saw one or more SPPD officers inside his bedroom. Upon observing the officer(s) Plaintiff Silva realized, for the first time, that the dog was probably a police dog.

13. At no time before the dog attack, did Plaintiff Silva hear any warning or announcement that the SPPD had a dog and/or would be releasing the dog inside Plaintiffs' home, and/or that anyone inside may be attacked and bitten. At no time before Plaintiffs' bedroom door was smashed open, was there any warning or announcement or

demand for entry of any type, or that the police were present, that a dog would be released, etc.

14. The dog attack ended when an officer grabbed and pulled the dog off Plaintiff. At and/or about the time the dog was pulled off, one or more SPPD officers handcuffed Plaintiff Silva. The officers then took Plaintiff Silva outside. Plaintiff Silva is informed the officers intended to transport Plaintiff Silva to jail as a criminal suspect. However, before the officers could do so, the apartment building manager informed the officers that Plaintiff Silva lived at the apartment. Whereupon, an officer took off the handcuffs. Thereafter, Plaintiff was transported to a medical facility where he received treatment for the serious injuries inflicted by the dog.

15. As a result of the forcible entry and dog attack, both Plaintiffs suffered compensable injuries (for Plaintiff de Silva, damage to her bedroom door). Plaintiff Silva suffered serious physical and emotional injuries for which he still needs treatment.

16. For purposes of all state law claims, Plaintiffs timely filed with San Pablo a claim for damages pursuant to Cal. Gov't Code § 910. Plaintiffs are informed that San Pablo has denied the claim and this lawsuit is commenced within six months of the denial.

## FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983 – Fourth Amendment / Wrongful Entry)

(Both Plaintiffs against all defendants)

17. Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

18. In violation of the Fourth Amendment, San Pablo and SPPD personnel unlawfully made entry into Plaintiffs' home without a warrant or an exception to the warrant requirement, and without warning or announcement of any type. Furthermore, in

violation of the Fourth Amendment one of more of these persons forced entry into Plaintiffs' bedroom without warning or announcement of any type. As a proximate result of these unlawful entries, Plaintiffs and each of them sustained injuries thereby entitling each Plaintiff to compensation under 42 U.S.C. §1983.

19. The unlawful forcible entries were in accordance with policies, practices and customs of defendants San Pablo and SPPD. Plaintiffs are further informed that defendant Rosales ratified and/or condoned, and/or approves of the wrongful entries.

## SECOND CAUSE OF ACTION

### (42 U.S.C. § 1983 - Fourth Amendment / False Arrest)

(Plaintiff Silva only against all defendants)

20. Plaintiff Silva restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

21. Following the unlawful entries described above, one or more SPPD officers arrested Plaintiff Silva. The arrest was without a warrant and without probable cause or reasonable suspicion that Plaintiff Silva was suspected of having committed a crime. As a proximate result of the unlawful arrest, Plaintiff Silva is entitled to compensation under 42 U.S.C. §1983.

22. The unlawful arrest was in accordance with policies, practices and customs of defendants San Pablo and SPPD. Plaintiff Silva is further informed that defendant Rosales ratified and/or condoned, and/or approves of the unlawful arrest.

## THIRD CAUSE OF ACTION

### (42 U.S.C. § 1983 - Fourth Amendment / Excessive Force)

(Plaintiff Silva only against all defendants)

23. Plaintiff Silva restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

00112485.WPD

24. At or about the time SPPD officers seized Plaintiff Silva, the officers caused or subjected Plaintiff Silva to excessive force via the dog attack. As a proximate result of the excessive force, Plaintiff Silva is entitled to compensation under 42 U.S.C. §1983.

25. The excessive force was in accordance with policies, practices and customs of defendants San Pablo and SPPD. Plaintiff Silva is further informed that defendant Rosales ratified and/or condoned, and/or approves of the dog attack on Plaintiff Silva.

**FOURTH CAUSE OF ACTION**

(Cal. Civ. Code § 52.1(b))

(Both Plaintiffs against Defendants San Pablo and SPPD only)

26. Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

27. In committing the acts alleged above, San Pablo and/or SPPD employees used threats, intimidation and/or coercion that violated Plaintiffs' rights as follows:

A. Forcing entry into Plaintiffs' home and bedroom in violation of Plaintiffs' rights as guaranteed by Cal. Penal Code §§ 844 and 1531;

B. Denying Plaintiff Silva his rights as protected under Cal. Civ. Code § 43. That is, one or more SPPD employees violated Plaintiff Silva's right to protection from bodily restraint or harm when Plaintiff was seized and arrested, and subjected to a police dog attack.

C. Denying Plaintiffs their rights as protected by the Fourth Amendment to the United States Constitution, and Art. I §13 of the California constitution.

28. Defendants San Pablo and SPPD are liable for the misconduct of their employees under Cal. Gov't Code § 815.2.

///

///

00112485.WPD

**FIFTH CAUSE OF ACTION**

(Unlawful Entry/Seizure - Cal. Const. Art. I § 13)

(Both Plaintiffs against Defendants San Pablo and SPPD only)

29. Plaintiffs restate and incorporate by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

30. The entries into Plaintiffs' home and bedroom, violated Plaintiffs' rights protected under Art. I § 13 of the California constitution prohibiting unreasonable searches and seizures. Plaintiffs are therefore entitled to recover compensatory damages according to proof.

31. Defendants San Pablo County and SPPD are liable for the misconduct of their employees under Cal. Gov't Code § 815.2.

**SIXTH CAUSE OF ACTION**

(Cal. Civ. Code § 3342)

(Plaintiff Silva against Defendants San Pablo and SPPD only)

32. Plaintiff Silva restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

33. Plaintiff Silva is informed and believes and based thereon alleged that the dog that attacked Plaintiff Silva, was owned by defendants San Pablo and/or SPPD.

34. At the time that the dog was released just before it attacked Plaintiff Silva, Plaintiff was not a suspected of, or participant in, criminal activity.

35. As a proximate result of the dog attack, Plaintiff sustained serious injuries for which he is entitled to compensation pursuant to Cal. Civ. Code § 3342.

///

///

///

00112485.WPD

# PRAYER

WHEREFORE, Plaintiffs pray judgment as follows:

**On the First Cause of Action:**

36. That Plaintiffs be awarded compensatory damages according to proof for the wrongful entries into Plaintiffs' home;

37. As against individual defendants sued in their individual capacities, punitive damages in an amount according to proof;

38. Attorneys' fees and costs under 42 U.S.C. § 1988;

**On the Second Cause of Action:**

39. That Plaintiff Silva be awarded compensatory damages according to proof for his injuries proximately caused by the false arrest;

40. That Plaintiff Silva recover as against individual defendants sued in their individual capacities, punitive damages in an amount according to proof;

41. Attorneys' fees and costs under 42 U.S.C. § 1988;

**On the Third Cause of Action:**

42. That Plaintiff Silva be awarded compensatory damages according to proof for his injuries proximately caused by the use of excessive force;

43. That Plaintiff Silva recover as against individual defendants sued in their individual capacities, punitive damages in an amount according to proof;

**On the Fourth Cause of Action:**

44. That Plaintiffs be awarded compensatory damages according to proof for injuries proximately caused by the wrongful acts;

45. Statutory penalties recoverable under California law for each violation of Cal. Civ. Code §52.1;

46. Attorneys' fees and costs under Cal. Civ. Code §52.1(h), and California's

00112485.WPD

private attorney general doctrine.

**On the Fifth Cause of Action:**

47. That Plaintiffs be awarded compensatory damages according to proof for their injuries proximately caused by the wrongful acts;

48. Attorneys' fees and costs under California's private attorney general doctrine.

**On the Sixth Cause of Action:**

49. That Plaintiff Silva be awarded compensatory damages according to proof for his injuries proximately caused by the dog attack;

**On All Causes of Action:**

50. Costs of suit; and

51. Such other relief as the Court deems proper.

DATED: August 2, 2016

**DONALD W. COOK**
Attorneys for Plaintiffs

By_____
Donald W. Cook

00112485.WPD

1

**DEMAND FOR JURY TRIAL**

2

    Plaintiffs demand a trial by jury.

3

DATED: August 2, 2016

4

                         **DONALD W. COOK**

5

                         Attorneys for Plaintiffs

6

7

By_____

8

                        Donald W. Cook

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00112485.WPD