UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE ADALBERTO SILVA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAN PABLO POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 16-cv-04360-VC (KAW)<br><br>**ORDER REGARDING DISCOVERY LETTER**<br><br>Re: Dkt. Nos. 24, 32 |

On May 16, 2017, the parties filed a joint discovery letter regarding the representation of third-party eyewitness Leonel Herrera by Attorney Flynn. (Dkt. No. 24.) Attorney Flynn has been counsel of record for Plaintiff Noe Adalberto Silva since the beginning of this case. (*See* Dkt. No. 1.) On May 30, 2017, the matter was referred to the undersigned. The Court ordered supplemental briefing on the issue, which the parties filed on June 20, 2017. (Dkt. Nos. 27, 30.) On June 23, 2017, the parties filed a revised supplemental letter, which attached the relevant portions of the deposition transcript. (Dkt. No. 32.)

The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Having reviewed the papers filed by the parties and the relevant legal authority, the Court GRANTS Defendants' request to disqualify Attorney Flynn from representing Mr. Herrera during deposition.

In general, "[t]he decision to disqualify counsel is within the discretion of the trial court as an exercise of its inherent powers." *TransPerfect Global, Inc. v. MotionPoint Corp.*, No. C-10-2590 CW (JCS), 2012 WL 2343908, at *6 (N.D. Cal. June 20, 2012); *see also Trust Corp. of Mont. v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir. 1983) ("The district court has the responsibility for controlling the conduct of attorneys practicing before it"). "Federal courts in

California look to state law to decide motions to disqualify." *TransPerfect Global, Inc.*, 2012 WL 2343908, at *5. California law recognizes that "the propriety of disqualification depends on the circumstances of the particular case in light of competing interests." *The Oaks Mgmt. Corp. v. Superior Ct.*, 145 Cal. App. 4th 453, 464 (2006). The Court must therefore weigh:

> the combined effect of a party's right to counsel of choice, an attorney's interest in representing a client, the financial burden on a client of replacing disqualified counsel and any tactical abuse underlying a disqualification proceeding against the fundamental principle that the fair resolution of disputes within our adversary system requires vigorous representation of parties by independent counsel unencumbered by conflicts of interest."

*Id.* at 464-65 (internal quotation omitted).

Here, the Court finds that there is a significant risk of a conflict of interest. While Attorney Flynn argues that there is no conflict of interest between Plaintiff and Mr. Herrera because they are former neighbors who have a common interest in respecting constitutional rights, that is not so. If, for example, Mr. Herrera's account of the subject events differs from Plaintiff's, their interests will diverge; Plaintiff will want a third-party account that most supports his position, while Mr. Herrera has an obligation to tell the truth, under penalty of perjury. Attorney Flynn, in turn, will then be representing two clients with conflicting interests. In light of this potential conflict of interest, it is not clear to the Court that Attorney Flynn has satisfied the requirements of California Rule of Professional Conduct 3-310(C), which states: "A member shall not, without the informed written consent of each client: (1) Accept representation of more than one client in a matter in which the interests of the clients potentially conflict . . . ." There is no showing that Attorney Flynn has explained the potential conflict to either Plaintiff or Mr. Herrera, or that he has obtained written consent from either individual. *See Yanez v. Plummer*, 221 Cal. App. 4th 180, 187-88 (2013) (finding a conflict of interest where in-house counsel represented both the employer and employee-witness at the employee's deposition, and concluding that the in-house counsel failed to inform the employee about his conflicts with the employer and did not obtain his written consent to represent him despite the conflicts).

Additionally, the Court finds that there is a risk to the "fair resolution of disputes," as Attorney Flynn's representation of Plaintiff could result in Mr. Herrera not being as forthcoming of

what he witnessed. At the very least, the Court is highly concerned that Attorney Flynn's representation of a key, disinterested third-party witness creates the appearance of impropriety, particularly when Attorney Flynn initiated contact with Mr. Herrera before agreeing to represent him in a deposition. This risk outweighs the other factors that California courts consider; while Mr. Herrera has a right to counsel of choice, Attorney Flynn has limited interest in representing Mr. Herrera, the financial burden of replacing disqualified counsel is not great given the limited scope of the representation, and there is no evidence that Defendants' request is the product of any tactical abuse. Indeed, Defendants have legitimate concerns of the potential for manipulation of key testimony to favor Plaintiff, which further supports the Court's exercise of its inherent powers to disqualify Attorney Flynn as counsel for Mr. Herrera. This is particularly so in light of Attorney Flynn's repeated objections on the ground of attorney-client privilege. *Compare with Prosser v. Avanti Petroleum, Inc.*, No. 4:98CV1104 JCH, 1999 WL 1116821, at *1 (E.D. Mo. Nov. 30, 1999) (determining that the representation of non-party, disinterested witnesses by the plaintiffs' counsel was improper where the plaintiffs' counsel repeatedly invoked attorney-client privilege during the depositions of the non-party witnesses, and requiring the plaintiffs' counsel to decide whether to represent plaintiffs or the non-party witnesses).

Thus, for the reasons stated above, the Court DISQUALIFIES Attorney Flynn from representing Mr. Herrera during his deposition.

IT IS SO ORDERED.

Dated: July 6, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge