UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE ADALBERTO SILVA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAN PABLO POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 16-cv-04360-VC (KAW)<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 59 |

On December 22, 2017, the parties filed a joint discovery letter regarding a dispute as to Plaintiffs' Federal Rule of Civil Procedure 30(b)(6) deposition notice. (Discovery Letter, Dkt. No. 59.) The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Having reviewed the discovery letter filed by the parties and the relevant legal authority, the Court GRANTS Defendants' request to quash Plaintiffs' Rule 30(b)(6) deposition notice.

## I. BACKGROUND

Plaintiffs Noe Silva and Veronica de Silva filed the instant suit against Defendants City of San Pablo, San Pablo Police Department, and Police Chief Lisa G. Rosales, asserting various civil rights violations. (Compl., Dkt. No. 1.) Plaintiffs allege that on November 19, 2015, San Pablo police officers forcibly entered Plaintiffs' apartment, and released a police dog into the residence. (Compl. ¶¶ 9-10.) Plaintiff Silva was inside the bedroom when he heard noise, and stepped out of his bedroom to investigate. (Compl. ¶ 11.) Plaintiff Silva saw the police dog and retreated to his bedroom, locking the door. The officers proceeded to break down the bedroom door, and the police dog attacked Plaintiff Silva, biting him repeatedly on his right arm. (Compl. ¶ 12.) The officers intended to arrest Plaintiff Silva, when the apartment building manager informed them

that Plaintiff Silva lived at the apartment. (Compl. ¶ 14.) Plaintiff Silva was released and transported to a medical facility for treatment of the injuries inflicted by the police dog. (*Id.*)

Defendants assert that officers went to the apartment in response to a report of a residential burglary. (Dkt. No. 13 at 3.) At the apartment, the officers found an individual that matched the description of the burglary suspect. (*Id.*) After the individual failed to comply with the officer's orders, the officers used the police dog to apprehend the suspect, who was later determined to be Plaintiff Silva. (*Id.* at 3-4.)

## II. DISCUSSION

At issue is Plaintiffs' notice of a "person with knowledge" deposition, pursuant to Rule 30(b)(6). (Discovery Letter at 1.) Plaintiffs' deposition notice concerns the following deposition topic:

> Whether or not the acts of the San Pablo Police Department employees, officers and their supervisors, pertaining to the matters giving rise to this lawsuit (i.e. what occurred at Plaintiffs' apartment on November 19, 2015 and in any follow-up or subsequent investigation pertaining thereto) were in accordance with the policies, customs and/or practices of the City of San Pablo and/or the San Pablo Police Department. These acts include, but are not limited to:
>
> 1. any acts pertaining to dispatch;
> 2. the acts of the officers before to [sic] entry into Plaintiffs' apartment;
> 3. the entry into Plaintiffs' apartment;
> 4. the entry into Plaintiffs' apartment bedroom;
> 5. the use of the police dog, including allowing the dog to bite Plaintiff Noe Silva;
> 6. the failure to obtain a warrant;
> 7. the seizure of Plaintiff Noe Silva;
> 8. the making of announcements;
> 9. the acts of the officers after entry into Plaintiffs' apartment while at the location; and
> 10. any follow-up or subsequent investigation into the officers' actions, including any discipline or punishment, or absence thereof, for those actions.

(*Id.* at 1-2.)

Defendants object to the Rule 30(b)(6) deposition notice on several grounds. First, Defendants assert that the Rule 30(b)(6) deposition notice must be quashed because it seeks fact discovery related to the incident, even though the fact discovery phase has passed and only

2

discovery related to *Monell* liability is permitted. (Discovery Letter at 3.) Second, Defendants argue that the Rule 30(b)(6) deposition notice improperly seeks an expert opinion from a non-designated expert. (*Id.* at 3-4.) Third, Defendants contend that the Rule 30(b)(6) deposition notice is vague and overbroad. (*Id.* at 4.) Finally, Defendants assert that the Rule 30(b)(6) deposition notice is cumulative and unduly burdensome because Defendants have already provided its Use of Force Policy and Canine Policy, permitted the deposition of the author of use of force evaluation that found that the deployment of the police dog was consistent with departmental policy and training, and responded to requests for admissions on these topics. (*Id.*)

The Court finds that the Rule 30(b)(6) deposition notice should be quashed. First, the Rule 30(b)(6) deposition is vague because Plaintiffs fail to sufficiently identify the actions at issue. Phrases such as "any acts pertaining to dispatch," "the acts of the officers before entry into Plaintiffs' apartment," and "the acts of the officers after entry into Plaintiffs' apartment while at the location" are overly broad; Plaintiffs must be more specific as to what acts precisely are at issue, rather than requiring Defendants to speculate as to which actions Plaintiffs are referring. By using such vague terms, Plaintiffs place the burden on Defendants to identify the actions to prepare for the deposition.

Plaintiffs argue that the Rule 30(b)(6) deposition notice is not vague because the City investigated the officers' actions in this incident and deemed them appropriate per policy. (Discovery Letter at 2.) Plaintiffs' argument, however, does not address Plaintiffs' failure to specifically identify the actions at issue. Further, the Rule 30(b)(6) deposition notice is not limited to actions investigated by the City; it is directed at "any acts" pertaining to certain incidents. Thus, as written, the Rule 30(b)(6) deposition notice encompasses acts outside of those investigated, highlighting the vagueness of the terms used.

Second, and more significantly, the Rule 30(b)(6) deposition notice seeks an improper expert opinion. In *Dagdagan v. City of Vallejo*, the plaintiff noticed a Rule 30(b)(6) deposition, and asked questions such as whether the officers' decision to enter the apartment without a search or arrest warrant was consistent with police training, and whether an officer could arrest an individual in their own home without a warrant in the absence of exigent circumstances based on

3

training received. 263 F.R.D. 632, 635 (E.D. Cal. 2009). The district court rejected such questions, explaining that:

> [t]he Federal Rules of Civil Procedure distinguish between those persons who are designated, testifying experts and those persons with expertise, not designated as testifying experts, who have performed some act in the normal course of their job duties, or who have some training in the issue at bar, pertinent to the facts of the litigation based on their expertise. The former persons must be designed as Rule 26 experts and must prepare a report setting forth their opinions and the bases therefore. [Citation.] Other non-designated persons with expertise who performed an act based on that expertise that has significance to the litigation may be asked what they did and why they did it, and what they based the action upon, but the inquiry is limited to those past acts.

*Id.*

In short, only individuals designated as experts could be "asked to opine on expert matters in an abstract or hypothetical sense." *Dagdagan*, 263 F.R.D. at 636. Non-designated individuals could be asked about actions that they personally took, but not on hypotheticals. The district court reasoned that "[i]f this was not the rule, any party to a litigation could hijack in-house or third party experts for free, and compel them to give the retained Rule 26 experts' testimony they would otherwise have to pay for." *Id.* The district court also raised concerns as to depositions of a party's employee, where there would be additional risks of attorney-client or work product issues. *Id.*

Here, Plaintiffs admit that they are seeking an opinion on whether the actions taken by Defendant were in accordance with the City's customs, policies, or practices. (*See* Discovery Letter at 2-3 ("Someone at the City knows the City's policies, practices and customs, and can use his or her knowledge of those, coupled with information about what happened during the incident . . . and state whether or not the officers' actions were in accordance with the San Pablo PD's custom, policy and/or practice"). Plaintiffs do not, however, address *Dagdagan* or Defendants' objection that Plaintiffs are essentially seeking an improper expert opinion. Like the district court in *Dagdagan*, the Court finds that Plaintiffs are seeking an expert opinion from a non-designated expert. While Plaintiffs may seek information on what the City's customs, policies, or practices are, Plaintiffs are going a step further by asking that the non-expert deponent opine as to the

4

*application* of those policies and practices taken by the officers in this case. Such questions are properly directed at an expert, not a non-expert deponent, especially if that individual lacks personal knowledge as to the actions taken by the officers. *See Genentech, Inc. v. Trs. of the Univ. of Penn.*, Case No. 10-cv-2037 LHK (PSG), 2011 WL 6002501, at *5 (N.D. Cal. Nov. 30, 2011) (finding that the only knowledge discoverable from the deponent was the deponent's first-hand knowledge). The proper course of action here would be for Plaintiffs to conduct discovery on the City's policies, practices, and customs, and then to depose an expert on whether the identified policies, practices, and customs were violated relative to the specific facts of this case.

Because the Rule 30(b)(6) deposition notice is overly vague and seeks an improper expert opinion, the Court quashes the deposition notice.

### III. CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' request to quash the Rule 30(b)(6) deposition notice.

IT IS SO ORDERED.

Dated: January 11, 2018

KANDIS A. WESTMORE
United States Magistrate Judge