UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE ADALBERTO SILVA, et al.,<br><br>         Plaintiffs,<br><br>     v.<br><br>SAN PABLO POLICE DEPARTMENT, et al.,<br><br>         Defendants. | Case No.  16-cv-04360-VC<br><br>**ORDER GRANTING REQUEST TO DISMISS CLAIMS WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 121 |

Noe and Veronica Silva seek to dismiss their remaining federal claims without prejudice under Federal Rule of Civil Procedure 41(a)(2). The defendants—the City of San Pablo, San Pablo Police Department, and Police Chief Rosales—oppose this request, but their argument that they would suffer "plain legal prejudice" unless the Silvas were forced to continue litigating the claims that they recently resurrected on appeal does not make sense. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Most prominently, the Silvas represent that they won't reassert these claims in the parallel state-court action. This dismissal is in reliance on that representation, so although dismissal is without prejudice, presumably the Silvas would be barred by judicial estoppel from pressing these claims if they break their word. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). So the defendants could only benefit from dismissal of these claims.

Nor is the pending state-court action a reason to deny the Silvas' request for dismissal without prejudice. If the Silvas were to proceed on their federal claims in this Court, they would have the option of requesting the reinstatement of their earlier-dismissed state-law claims under the grant of supplemental jurisdiction. *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012). Yet the Silvas prefer to pursue their state-law claims in state court. Unsurprisingly, Ninth Circuit

precedent makes clear that the defendants can't show plain legal prejudice by having to defend against state-law claims in state court. *See Smith*, 263 F.3d at 976.

    Neither can the defendants rely on prejudice supposedly suffered by the officers named in the state-court complaint. True, this Court denied Silva leave to amend his complaint to pursue claims against the officers because he unfairly prejudiced the officers by waiting far too long to recast them as potentially liable defendants, rather than mere witnesses. *See* Dkt. No. 86. But even assuming prejudice to non-parties can properly be considered, the outcome of this motion has no impact on the officers. Perhaps they still can remove the state case to federal court (in which event the individual claims against the officers would be dismissed once again). Perhaps it's too late to remove the state case (in which event the officers will presumably succeed in getting the claims against them dismissed in state court on the ground that the claims are an improper end-run around the prior dismissal in this Court). These issues can be addressed by future motions; in no event do they turn on what happens to the remaining federal claims in this case.

    Finally, the defendants protest that dismissal without prejudice will deprive them of prevailing-party status for purposes of recovering costs. Rule 41 conditions dismissal "on terms that the court considers proper," which can include an award of costs to the defendants. *See Westland Water District v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Here, however, it is appropriate to deny costs to the defendants given Silva's financial status and the economic disparity between the parties, not to mention the fact the defense bears at least a small portion of the blame for how long this case has dragged on. *See* Dkt. No. 113.

    **IT IS SO ORDERED.**

Dated: June 1, 2020

                                                  VINCE CHHABRIA
                                                  United States District Judge